IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR-10-03-H-CCL-RKS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| ADENA RAE SAVAGE, | |
| Defendant. | |

**I. Synopsis**

Ms. Savage was accused of violating the conditions of her supervised release by using methamphetamine and heroin and attempting to alter drug test results. She admitted to the violations. Ms. Savage's supervised release should be revoked. She should be ordered to serve five months in prison (concurrent with her state sentence), with 31 months supervised release to follow.

**II. Status**

Ms. Savage plead guilty in 2010 to Theft of Federal Property by Fraud. Doc. 18. She was sentenced to seven months imprisonment, with three years supervised release to follow, and ordered to pay $10,000 restitution. Doc. 25. Ms.

1

Savage began her term of supervised release on June 1, 2011. Doc. 38.

Ms. Savage's probation officer, Wesley Estep, met with her in February 2011 to discuss alleged non-compliance with supervised release conditions. In February 2012, Mr. Estep filed a "Report on Offender Under Supervision," alleging non-compliance with conditions but recommending Ms. Savage remain on supervision. She was allowed to remain on supervision. Doc. 28.

Mr. Estep filed a petition on June 5, 2013, asking the court to summons Ms. Savage for an appearance regarding additional alleged non-compliance. Doc. 30. Ms. Savage made an initial appearance before United States Magistrate Judge Jeremiah Lynch, who referred the case to the undersigned. Doc. 34. The undersigned continued the revocation hearing for four months, with the understanding that the petition would be withdrawn if Ms. Savage complied with her supervised release conditions during that time.

**Petition**

The United States Probation Office filed an amended petition on July 22, 2013, alleging new violations and asking the court to revoke Ms. Savages supervised release. The amended petition alleged that Ms. Savage violated Standard Condition 7 of her supervised release by using heroin on several occasions, including after her appearance before Judge Lynch. The petition also

alleged that Ms. Savage violated Special Condition 1 of her supervised release by attempting to manipulate drug tests – specifically, by twice dipping urinalysis test cups into toilet water and attempting to remove a sweat patch used to detect heroin, all in July 2013 . Doc. 38. Based on the amended petition, the undersigned issued a warrant for Ms. Savage's arrest. Doc. 39.

**Initial appearance**

As explained, Ms. Savage made her initial appearance before Judge Lynch prior to the amended petition. She was represented at that appearance by Federal Defender Michael Donahoe. Assistant United States Attorney Cyndee Peterson appeared on behalf of the United States. Ms. Savage said she had reviewed and understood the petition. Judge Lynch advised her of her rights. She declined a preliminary hearing. Doc. 33.

**Revocation hearing**

When the undersigned issued a warrant based on the amended petition, Ms. Savage was in state custody. The undersigned issued a writ of habeas corpus so Ms. Savage could appear on the federal charge. Doc. 42. She appeared before the undersigned on October 9, 2013. Ms. Savage was represented by Federal Defender Anthony Gallagher. Assistant United States Attorney Jessica Betley represented the United States.

The undersigned explained to Ms. Savage the Findings and Recommendations procedure. The undersigned explained that a written recommendation would be submitted to District Court Judge Charles C. Lovell, who would make a final decision on whether to revoke Ms. Savage's supervised release and, if so, what sanction to impose. Ms. Savage was advised of her write to object to the recommendation within 14 days of its issuance.

Ms. Savage admitted violating her conditions of supervised release, as alleged in the amended petition. The undersigned believes Ms. Savage's voluntary admission adequately establishes the violation, and that the violation warrants revocation of Ms. Savage's supervised release.

Ms. Savage's violation is Grade C. Her criminal history category is III. Her underlying conviction is for a Class C felony. Ms. Savage could be incarcerated for up to 24 months. The United States Sentencing Guidelines call for 5 to 11 months incarceration. Ms. Savage could be ordered to remain on supervised release for up to 36 months, less any custodial time imposed. Mr. Gallagher and Ms. Betley agreed with those calculations.

Mr. Gallagher requested a custodial sanction concurrent to the term Ms. Savage is currently serving in state custody. Mr. Gallagher explained that she has been in custody since July and is scheduled to be released on November 1, 2013.

4

By imposing custodial time (retroactively) from mid-July to Nov. 1, the court would be departing downward from the guidelines by about two months. Mr. Gallagher argued that the departure is justified by Ms. Savage's notable successes on supervised release: she fully paid the restitution, cared and provided for her three children as a single mother without government assistance, and completed treatment courses. The departure would also benefit Ms. Savage's children, who are experiencing circumstances that make reunification with their mother particularly important.

Ms. Savage addressed the court. She acknowledged her poor choices. She regretted the impact of her decisions on her mother and her children. Ms. Savage said she does not want to get caught in the "revolving door" of the prison system. Instead, she wants to become a productive member of society, supporting herself and her family without reliance on others. Ms. Savage said she believed continued supervised release would benefit her, and she would cooperate with her probation officer.

Ms. Betley requested a sentence at the low end of the guideline range. She argued that a downward departure is not appropriate because Ms. Savage's violations consisted of continuing conduct despite repeated warnings and second-chances from her probation officer and the court. Ms. Betley had no objection to

5

the sanction crediting Ms. Savage for the approximately two months she has served in state custody.

**III. Analysis**

Ms. Savage's supervised release should be revoked, as she admitted using heroin and methamphetamine, and to attempting to manipulate drug tests to avoid detection.

Ms. Savage should be ordered to serve 5 months in prison, with credit for time served in state custody. She should be continued on supervised release for 31 months after the custodial term. Ms. Savage's successes on supervised release merit a sanction at the low end of the guideline range. By all accounts, she performed well in several aspects: she fully paid court-ordered restitution, completed court-ordered treatment, maintained employment and cared for her three children.

However, the circumstances do not justify a downward departure from the guideline range. Fulfilling court orders like paying restitution and completing treatment is laudable, but expected; it does not remove the case from the heartland of the guidelines. And offsetting Ms. Savage's successes are her serious violations. She consumed extremely dangerous drugs on numerous occasions, and breached the court's trust by cheating on the drug tests. Ms. Savage's violations

6

continued despite repeated warnings and second chances from the her probation officer and the court, including in the unique step of continuing the revocation hearing for four months to provide Ms. Savage with a final opportunity to comply.

Although Ms. Savage has struggled to fully comply with all of her supervised release conditions in the past, she asserted that ongoing supervision would benefit her, and claimed she could comply with the conditions. She should be given the opportunity to do so. The supervised release conditions previously imposed on Ms. Savage should remain in effect.

Ms. Savage's custodial sanction should run concurrently to her state incarceration, which began in mid-July, 2013. Thus, Ms. Savage's custodial sanction should continue until December 16, 2013.

**IV. Conclusion**

Ms. Savage was advised that the above sentence would be recommended to Judge Lovell, who will decide an appropriate disposition. Ms. Savage was reminded that he has a right to object to this recommendation within 14 days of its issuance.


The court **FINDS:**

1. Ms. Savage violated Standard Condition 7 of her supervised release by consuming methamphetamine and heroin in May - July of 2013.

2. Ms. Savage violated Special Condition 1 of her supervised release by attempting to manipulate the results of drug test on July 10 and July 17, 2013.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Ms. Savage's supervised release and ordering her into the custody of the United States Bureau of Prisons for 5 months, with credit for time served in state custody, and requiring her to serve 31 months on supervised release immediately thereafter.

2. The District Court should continue the standard and special conditions of supervised release previously imposed on Ms. Savage, fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

8

objections may bar a de novo determination by the district judge.

Dated the 23rd day of October, 2013.

                                                     */s/ Keith Strong*
                                                    Keith Strong
                                                   United States Magistrate Judge