

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 10-03-H-CCL |
| Plaintiff, | |
| -vs- | ORDER |
| ADENA RAE SAVAGE, | |
| Defendant. | |

\*\*\*\*\*\*\*

The Court referred the Petition for Revocation (Doc. 30) for hearing, findings of fact, and recommendation to Magistrate Judge Keith Strong by order filed on June 20, 2013 (Doc. 34).[1] An Amended Petition (Doc. 38) was filed on July 22, 2013. Pending now before the Court is the Report of Findings & Recommendations ("F&R") filed by Magistrate Judge Keith Strong on

---

[1] *See* 18 U.S. C. §3401(i).

October 23, 2013 (Doc. 53). There are no filed objections to the F&R.

The F&R recommends that this Court revoke the Defendant's supervision because she has violated the conditions of her supervised release by "using heroin and methamphetamine, and [] attempting to manipulate drug tests to avoid detection." (Doc. 53 at 6.). Defendant admitted the charged violations. The F&R recommends that Defendant be sentenced to serve 5 months in prison, with credit for time served in state custody, followed by 31 months of supervised release.

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The Court finds by a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3), that Defendant violated Standard Condition No. 7 and Special Condition No. 1 as charged by the Amended Petition. Defendant's supervised release should be, and hereby is, revoked, and Defendant Savage should be resentenced.

The Magistrate Judge notified the parties that the U.S.S.G. Chapter 7 guideline range is 5-11 months incarceration, followed by a term of supervised

release of up to 36 months less the custody time actually imposed. Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct.

During allocution before Magistrate Judge Strong on October 9, 2013, Defendant Savage requested (in the event of revocation) that the Court impose a sentence concurrent with the state sentence that she is currently serving.[2] Defendant was taken into state custody in July, 2013, and she was expected to complete her state sentence on November 1, 2013. (Doc. 53 at 4.) Because Defendant was not taken into federal custody until September 25, 2013, Defendant

---

[2] As to the consecutive or concurrent nature of the sentence, the Sentencing Guidelines, which are advisory only, provides that

> [a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).

requests a downward departure from the guideline range to give her credit for the two prior months she served in state custody. The government does not object to Defendant receiving a two-month credit for time served in state custody, but the government does not believe that a downward departure is appropriate "because Ms. Savage's violations consisted of continuing conduct despite repeated warnings and second-chances from her probation officer and the court." (Doc. 53 at 5.) The government "requested a sentence at the low end of the guideline range." (Doc. 53 at 5.) No request for further hearing has been made by either party.

As to the Defendant's request (and the Magistrate Judge's recommendation) that Defendant be given credit for time served in state custody prior to her federal arrest date, the statutory rule is that a defendant is only entitled to credit for time served prior to sentencing if that time has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). In addition, the Supreme Court has made clear that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334, 112 S.Ct. 1351, 117

4

L.Ed.2d 593 (1992); *see also Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998). Instead, "the Attorney General, through the BOP, has the responsibility for administering the sentence." *Wilson*, 503 U.S. at 335. This means that the BOP computes the credit for time served, not the undersigned, who only has the separate prerogative and duty of reviewing credit computations after a prisoner has exhausted administrative remedies. *See, e.g., Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996).

Having considered the allocution of the Defendant, the arguments of counsel for the Defendant and the government, and the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and all the record in this case, the Court finds that the appropriate sentence should be a custody term of 5 months imprisonment to be served concurrently with Defendant's state custody, followed by a 31-month term of supervised release on conditions of supervision that include electronic monitoring and home detention. The Court adopts Magistrate Judge Strong's Findings & Recommendations in full except for declaration of Defendant's release date, which, in the first instance, must be

determined by the Bureau of Prisons. With this slight modification, Judgment shall enter accordingly.

The Clerk shall send a copy of this order to Magistrate Judge Strong and the United States Probation Office.

Done and dated this 25th day of November, 2013.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE